IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

MARK S. KERN,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　No. Civ. 06-0784 LH/RHS

CITY OF ALBUQUERQUE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On September 28, 2006, Defendant City of Albuquerque ("Defendant") filed a Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for More Definite Statement (Doc. No. 6). Defendant asserts that the Court lacks subject matter jurisdiction over Plaintiff's complaint and that the complaint fails to state a claim against Defendant upon which relief can be granted. The Court, having considered the motion, memoranda, complaint, and applicable law, concludes that Defendant's motion to dismiss should be granted and Plaintiff's complaint should be dismissed.

**I.  Background**

On August 25, 2006, Plaintiff, proceeding *pro se*, filed a form complaint against the City of Albuquerque entitled "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Plaintiff marked the "Yes" box in answer to whether the defendant was acting under color of state law. Plaintiff then explained: "City Police stole my car and its contains [sic] last week. I was threatened with arrest by following [sic] a stolen car report. When I tried to file a stolen car report, people I never meet [sic] complained about my action." Compl. 1-2. Plaintiff

additionally stated that he wanted his car and its contents returned. Plaintiff also briefly recited a portion of his family and personal history. Plaintiff attached an exhibit to his complaint, consisting of a copy of his Colorado driver's license and a Colorado registration in his name for a 1984 vehicle.

Defendant filed a motion to dismiss Plaintiff's complaint for lack of jurisdiction on the ground that Plaintiff failed to assert any constitutional or federal statutory claim. Defendant also argues that the complaint fails to state a claim because it provides too few facts to give notice on what the claim is based and because Plaintiff cannot recover against a municipality when there is no allegation of an underlying constitutional violation by any of its officers or of a municipal policy or custom that caused the constitutional deprivation. Finally, Defendant asserts, in the alternative, that Plaintiff should be compelled to provide a more definite statement of his claims. Plaintiff has not filed a response to Defendant's motion and the time for filing a response has run.

**II.     Standard**

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), this court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The Court may not dismiss a cause of action under Rule 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief. *See, e.g., H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v.*

*United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)). A court must construe a *pro se* plaintiff's complaint liberally under these standards, but at the same time, a court should dismiss a *pro se* plaintiff's claims that are supported only by vague and conclusory allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). Similarly, in reviewing a Rule 12(b)(1) motion that facially attacks the sufficiency of the complaint's allegations as to subject matter jurisdiction, the court presumes that all of the allegations contained in the complaint are true. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

### III. Discussion

#### A. Federal Question Jurisdiction

28 U.S.C. § 1331 provides that federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. "Under 28 U.S.C. § 1331, federal question jurisdiction must appear on the face of a plaintiff's well-pleaded complaint." *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986). The complaint must identify the statute or constitutional provision under which the claim arises as well as allege sufficient facts to show that the case does, indeed, arise under federal law. *Id.* Even where the complaint alleges that there is federal question jurisdiction, the suit will be dismissed for lack of jurisdiction "when the claim is too insubstantial for consideration or is wholly insubstantial and frivolous." *Id.* (internal quotations and citations omitted).

Plaintiff's complaint is entitled a "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Section 1983 does not create substantive rights, but merely creates a remedy for the enforcement of rights arising under the Constitution or federal law. *See* 42 U.S.C. § 1983; *Gallegos v. City*

*and County of Denver*, 984 F.2d 358, 362 (10th Cir. 1993).  Jurisdiction is only proper under § 1983 if a plaintiff alleges a violation of a constitutional right or a federal law by a person acting under the color of state law.  *See* 42 U.S.C. § 1983.  Plaintiff's complaint, however, does not set forth the underlying constitutional right or federal law on which his § 1983 claim is based.  Nor does Plaintiff even state generally that Defendant violated a "constitutional" or "federal" right.

Nevertheless, Plaintiff alleges that the city police stole his car and its contents.  Liberally construing Plaintiff's *pro se* complaint, the Court finds that the complaint can be interpreted as alleging a § 1983 claim that could be based on a number of constitutional rights.  Because Plaintiff's complaint alleges facts that may establish a constitutional violation or form the basis of a federal civil rights claim, the Court concludes that it has federal question jurisdiction over the case.  *Cf. Olson v. Hart*, 965 F.2d 940, 942-43 (10th Cir. 1992) (reversing district court's dismissal because pro se plaintiff's petition for writ of mandamus could be construed as action for injunctive relief under 42 U.S.C. § 1983 for violation of plaintiff's due process rights where facts alleged supported claim, even though plaintiff did not assert correct claim in his complaint).

### B.     Failure to State a Claim for Which Relief can be Granted

Plaintiff's § 1983 claim against Defendant must nonetheless be dismissed under Rule 12(b)(6) for failure to state a claim for which relief can be granted.  Plaintiff's complaint fails to name any individual police officers and merely seeks to hold the City of Albuquerque liable for the actions of the "city police."  However, "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978).  A municipality is only liable under § 1983 when its policy or custom inflicts the injury.  *Id.* at 694.  Thus, to establish municipal liability, a plaintiff must show (1) the existence of a municipal

policy or custom, and (2) that there is a direct causal link between the policy or custom and the alleged injury. *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993). Plaintiff's complaint is devoid of any allegations concerning a policy or custom of Defendant's or of a causal link between such a policy and custom and the alleged injury. Although a court must liberally construe a *pro se* plaintiff's factual allegations, it cannot supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. *See Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989). Based on the factual allegations of the complaint, Plaintiff cannot prove any set of facts that would entitle it to relief against Defendant. Plaintiff's complaint therefore must be dismissed under Rule 12(b)(6) for failure to state a claim.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint, or in the Alternative, Motion for More Definite Statement (Doc. No. 6) is **GRANTED** and Plaintiff's case is **DISMISSED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE